### In re MORANDE ENTERPRISES, INC., Debtor.

### No. 9:05–BK–00699–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

April 4, 2005.

Stephen R. Leslie, Stichter, Riedel, Blain, Prosser, PA, Tampa, FL, Lisa M. Schiller, Miami, FL, for Debtor.

*ORDER ON MOTION FOR DETERMI-*
*NATION THAT AUTOMATIC STAY*
*DOES NOT APPLY TO DEACTIVA-*
*TION OF DEALER CODE, OR IN*
*THE ALTERNATIVE, MOTION*
*FOR RELIEF FROM STAY* (Doc.
No. 37)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTERS under consideration in this yet to be confirmed Chapter 11 case of Morande Enterprises, Inc., (the Debtor) are (1) Motion for Determination that the Automatic Stay Does Not Apply to Deactivation of Dealer Code, or, in the Alternative, (2) Motion for Relief from Stay, filed by Mazda Motor of America, Inc. (Mazda) on January 28, 2005.

Both the Motion for Determination and the alternative Motion, which seeks relief from the automatic stay, filed by Mazda represents a deadly threat to the success of this Chapter 11 case. This is so because both Motions involve the Debtor's ability to sell all its assets, which include not only the tangible and intangible assets of its Mazda dealership but, most importantly, the Debtor's ability to assume and assign to the successful buyer its Dealer Agreement with Mazda.

The record reveals that on February 25, 2005, the Debtor filed a Motion for Entry of Order Approving Bidding Procedure on Sale of Mazda Dealer Agreement, Mazda Vehicle Inventory and Personal Property. The record further reveals that the proposed auction was scheduled for March 24, 2005.

On March 9, 2005, this Court heard arguments of counsel for the parties of interest, including Mazda, to consider the approval of the auction procedure, albeit, and not as it was presented in its original form. This Court made it clear that approval of the auction procedure, if granted, shall not be construed as an approval of the sale, and certainly not the disapproval of the Motions presently before this Court, which involve a challenge by Mazda, of the Debtor's right to assume and assign its Dealer Agreement.

Furthermore, this Court ruled that the original auction date set for March 24, 2005, did not give sufficient time to properly expose the properties sought to be sold to the relevant market. Therefore, this Court directed counsel for the Debtor to reschedule the auction date. The auction is now rescheduled for April 6, 2005, and the hearing to consider the approval of the sale is set for April 6, 2005.

All parties agree that all bidders must be informed that no sale to the highest bidder will be approved unless this Court approves the sale. It must be also understood, that the successful bidder must be approved by Mazda and the Department of Transportation for the State of Florida. This is so, because, a dealer cannot operate an automobile dealership in the State of Florida without a Dealer's License.

In light of the foregoing, this Court is satisfied that it is appropriate to defer consideration of the two Motions filed by the Mazda and not to disturb the approved auction process and cancel the auction date. For this reason, this Court considered the issues raised by the Motions in conjunction with the hearing scheduled to consider the approval of the sale, unless the issues raised have already been resolved by agreement and rendered moot.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the ruling on the Motion for Determination that Automatic Stay Does Not Apply to Deactivation of Dealer Code, or, in the Alternative Motion for Relief from Stay be, and the same is hereby, deferred pending the resolution of the pro-

posed sale of all assets of the Mazda Dealership.